UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **VIRGIL D. BALDWIN,**<br><br>Petitioner,<br><br>v.<br><br>**THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, et al.,**<br><br>Respondents. | Civil Action No. 20-1548(FLW)<br><br>**MEMORANDUM & ORDER** |

This matter has been opened to the Court by *pro se* Petitioner, Virgil D. Baldwin's ("Petitioner" or "Baldwin") response to the Court's Order directing him to show cause as to why his Petition should not be dismissed without prejudice as unexhausted. *See* ECF Nos. 2-3.

The information in the petition and the available record establishes that Petitioner was convicted of second-degree robbery, N.J.S.A. 2C:15–1, following a joint jury trial with his codefendant. On July 26, 2013, the trial judge sentenced Baldwin to an extended twenty-year prison term, subject to an eighty-five percent parole ineligibility period under the No Early Release Act (NERA), N.J.S.A. 2C:43–7.2. Petitioner appealed and the Appellate Division affirmed his conviction on December 14, 2015. *See State v. Baldwin*, 2015 WL 8547003, at *1 (N.J. Super. A.D. Dec. 14, 2015). The Supreme Court denied certification on April 1, 2016. *See State v. Baldwin*, 224 N.J. 527 (2016). On August 1, 2016, Petitioner filed a pro se petition for post-conviction relief ("PCR") alleged that trial counsel provided ineffective assistance ("IAC") in various respects, which was denied by the PCR court on January 3, 2018 following a hearing. *See* Pet. at ¶ 11. The Appellate Division affirmed on June 28, 2019. *See State v. Baldwin*, 2019 WL

2712982, at *1 (N.J. Super. A.D. Jun. 28, 2019). On November 21, 2019, the Supreme Court denied certification. *See State v. Baldwin*, 240 N.J. 163 (2019).

In the Petition, Baldwin states that he filed a second PCR on February 1, 2020, and it is currently pending. *See* Petition at ¶ 15. It appears that at least one of the grounds for relief in the current Petition -- Ground Three -- is raised for the first time in Petitioner's second PCR. As such, the Court issued an Order directing Petitioner to show cause as to why his Petition should not be dismissed as unexhausted. The Court also permitted Petitioner to seek a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005), if appropriate. *See* ECF No. 2.

In his response to the Court's Order, Petitioner acknowledges that he has filed a second PCR that was accepted by the state courts, and he asks to "withdraw" or "set aside" his petition until his state court remedies are exhausted. *See* ECF No. 3. Petitioner has not provided sufficient information to support a stay of the Petition or addressed the *Rhines* factors. Moreover, Petitioner has not provided information suggesting that he will run afoul of the one-year limitations period for habeas petition if he does not receive a stay. As such, to the extent Petitioner is seeking a stay, that request is denied. At this time, the Court will permit Petitioner to withdraw his Petition and will deem the Petition withdrawn. The Court will also direct the Clerk of the Court to close this matter accordingly.

If Petitioner's second PCR proceedings <u>have already concluded</u>, he may notify the Court in writing and file a motion to reopen this matter within 30 days of the date of this Order. Otherwise, Petitioner may file a new habeas Petition once his second PCR proceedings conclude.

**IT IS, THEREFORE**, on this 5th day of January 2023,

**ORDERED** that to the extent Petitioner seeks a stay of his Petition, that request is DENIED; and it is further

**ORDERED** that the request to withdraw the Petition is GRANTED; the Petition is deemed WITHDRAWN; and it is further

**ORDERED** that if Petitioner's second PCR proceedings have already concluded, Petitioner may notify the Court and file a motion to reopen this matter within 30 days of the date of this Order if he intends to pursue federal habeas relief; and it is further

**ORDERED** that if Petitioner's second PCR proceedings have not concluded, he may file a new habeas Petition when his state court proceedings conclude; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Memorandum and Order upon Petitioner by regular U.S. mail and mark this matter as CLOSED.

/s/ Freda L. Wolfson
Freda L. Wolfson
U.S. Chief District Judge